IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHAWN LYNN EARNEST                                             PLAINTIFF

             v.                       Civil No. 05-1014

KEVIN HENSON, Jail Detention Officer;
KEN JONES, Sheriff; and
DARYL EASTER, Jail Administrator                         DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Now pending before the court is defendants' motion (Doc. 15) to dismiss this case for plaintiff's failure to comply with the court's September 2, 2005 order (Doc. 14) compelling him to respond to the defendants' discovery requests. The motion to dismiss was filed on October 10, 2005, and the plaintiff has not filed a response to the motion.

In their motion to compel, defendants stated that they mailed the plaintiff interrogatories and requests for production of documents on June 10, 2005, and that they sent a follow-up letter to the plaintiff on July 22, 2005. The defendants attached a copy of the letter they sent to the plaintiff requesting his responses to the discovery. (Doc. 13.)

We found that plaintiff had not responded to the defendants' discovery by serving responses on defendants. Defendants' motion (Doc. 13) to compel plaintiff to respond to discovery was granted, and plaintiff was ordered to respond to defendants' discovery by serving responses on defendants within 15 days after the order was entered. The court warned the plaintiff that his failure to comply could result in the dismissal of his action. (Doc. 14.)

In their motion to dismiss, defendants assert that the plaintiff has not complied with the court's September 2, 2005 order. This order was not returned to the court as undeliverable, and

the plaintiff has not otherwise communicated with the court.

Federal Rule of Civil Procedure 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Federal Rule of Civil Procedure 37(b)(2)(C) allows the court to consider the sanction of dismissal where (1) there is an order compelling discovery, (2) there is a willful violation of that order, and (3) the other party will suffer prejudice. *See Keefer v. Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 940-41 (8th Cir.2000). Without responses to the discovery, defendants would suffer prejudice in defending this action.

Therefore, I recommend that defendants' motion to dismiss (Doc. 15) be GRANTED, and plaintiff's action be DISMISSED for failure to respond to discovery after entry of an order compelling plaintiff to respond and for failure to comply with a court order. *See* Fed. R. Civ. P. 37(b)(2)C) & 41(b).

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of November 2005.

/s/ Bobby E. Shepherd
_____
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)